IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　Plaintiff<br><br>vs.<br><br>BIRCH COMMUNICATIONS, INC.<br><br>　　　　Defendant. | CIVIL ACTION FILE NO.:<br><br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.　　Plaintiff Abante Rooter and Plumbing, Inc. ("Abante" or "Plaintiff"), which is owned and operated by Fred Heidarpour ("Mr. Heidarpour") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, prerecorded calls, unless the caller has the "prior express written consent" of the called party.

4. Plaintiff alleges that Defendant Birch Communications, Inc. ("Birch Communications") made automated telephone calls using equipment prohibited by the TCPA to promote its services without its prior express written consent.

5. Because the call to the Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

7. Plaintiff Abante Rooter and Plumbing, Inc. is a California corporation.

8. Defendant Birch Communications, Inc. is a Georgia corporation with a registered agent of Corporation Service Company at an address of 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, GA 30092, and is a resident of this District.

## Jurisdiction & Venue

9. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2).  The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

10. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11. Venue is proper under 28 U.S.C. § 1391(b)(1) because the defendant is a resident of this district.

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. 105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227).

14. *Mims* explicitly cited these Congressional Findings in noting that "'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Id.* (citing 105 Stat. 2394). Accordingly, Congress found that:

> ***Banning such automated or prerecorded telephone calls*** to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, ***is the only effective means of protecting telephone consumers*** from this nuisance and privacy invasion.

*Id.* at § 14 (emphasis added).

15. Indeed, as the United States Supreme Court recently held in a different context, "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" *Riley v. California*, __ U.S. __, 134 S.Ct. 2473, 2494-95, 189 L.Ed.2d 430 (2014).

16. In fact, the TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

17. The TCPA categorically bans entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

18. The categorical ban applies to any type of cellular telephone number, residential or business.

## Factual Allegations

19. Birch Communications is a technology provider that targets businesses of various sizes to offer its technology and telecommunications services.

20. Birch Communications uses telemarketing to promote its products.

21. Birch Communications' telemarketing efforts include the use of automated dialing equipment.

22. On September 22, 2015, Birch Communications placed a telemarketing call to the Plaintiff's cellular telephone.

23. The Caller ID for the phone number was (678) 399-9709.

24. When the Plaintiff answered the phone, there was a distinct click and a significant pause on the other end of the telephone line.

25. The pause was so long that the Plaintiff said "hello" into the telephone multiple times before he received a response.

26. These facts, as well as the geographic distance between the Plaintiff and the Defendant, as well as the fact that this call was part of a nationwide telemarketing campaign demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

27. During the call, which was a "cold call", Birch Communications gave a scripted pitch trying to offer the Plaintiff its services.

28. These are services that the Plaintiff had not expressed an interest in to Birch Communications.

29. Birch Communications did not have the Plaintiff's prior express written consent to make this call.

30. In fact, before filing this lawsuit, the Plaintiff wrote to Birch Communications asking if they had his prior express written consent to make the call, but Birch Communications response was that the TCPA was not applicable to a business number.

31. As discussed above, this is incorrect, as the TCPA categorically bans entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

32. Unfortunately, the Plaintiff is not alone in his experiences with telemarketing calls from Birch Communications from the same Caller ID number:

> Phone rang twice, answered the call and no one was on the line.
> Caller Id: Out of Area
>
> They called. I answered. They hung up.
>
> Harassing Phone Call.  Hung up when I answered.   Probably figure some people are stupid enough to call them back.
>
> Now they call daily and there's always a dial tone when I answer. This is a good way to do business?
> *Call Type: Telemarketer*

*See* http://800notes.com/Phone.aspx/1-678-399-9709/2 (Last Visited October 6, 2015).

## Class Action Allegations

33. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

34. The class of persons Plaintiff proposes to represent include:

> All persons within the United States whom Defendant, directly or through any third parties, initiated a telephone call with the same or similar dialing system as was used to call plaintiff to a number registered as a cellular telephone line within four years before this Complaint was filed through the date of class certification.

35. Excluded from the classes are the Birch Communications, any entities in which the Birch Communications has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

36. The proposed class members are identifiable through phone records and phone number databases.

37. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

38. Plaintiff is a member of the class.

39. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether the Birch Communications used an automatic telephone dialing system to make the calls at issue;

    b. Whether the Birch Communications placed telemarketing calls without obtaining the recipients' valid prior express written consent;

    c. Whether the Birch Communications' violations of the TCPA were negligent, willful, or knowing; and

    d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Birch Communications' actions.

40. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members.

41. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. The actions of the Birch Communications are generally applicable to the class as a whole and to Plaintiff.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Birch Communications and/or its agents.

44. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

45. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system to Plaintiff's cellular telephone number, or (b) by the fact that others caused the initiation of those calls on its behalf.

48. The Defendant's violations were negligent, willful, or knowing.

## Count Two:
## Injunctive Relief

49. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

51. The Plaintiff respectfully petitions this Court to order the Birch Communications, and its employees, agents and independent contractors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1. That the Birch Communications be restrained from engaging in future telemarketing in violation of the TCPA.

2. That the Birch Communications, its agents, and anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members.

3. That the Court certify the proposed class under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

Dated: October 7, 2015    By:   /s/ Steven H. Koval
                                      Steven H. Koval
                                      Attorney for Plaintiff
                                      Georgia Bar No. 428905
                                      THE KOVAL FIRM, LLC
                                      3575 Piedmont Road
                                      15 Piedmont Center, Suite 120
                                      Atlanta, GA  30305
                                      Telephone:  (404) 513-6651
                                      Facsimile: (404) 549-4654
                                      E-mail: SHKoval@aol.com

                                      Edward A. Broderick
                                      Email:  ted@broderick-law.com
                                      Anthony Paronich
                                      Email:  anthony@broderick-law.com
                                      BRODERICK LAW, P.C.
                                      99 High St., Suite 304
                                      Boston, Massachusetts  02110
                                      Telephone:  (617) 738-7080
                                      *Subject to Pro Hac Vice*

                                      Matthew P. McCue
                                      Email:  mmccue@massattorneys.net
                                      THE LAW OFFICE OF MATTHEW P. MCCUE
                                      1 South Avenue, Suite 3
                                      Natick, Massachusetts  01760
                                      Telephone:  (508) 655-1415
                                      Facsimile:  (508) 319-3077
                                      *Subject to Pro Hac Vice*

## **CERTIFICATION OF COUNSEL**

I hereby certify in accordance with U.S.D.C. N.D. Ga. Local Rule 7.1D that the foregoing CLASS ACTION COMPLAINT has been prepared using Times New Roman, 14 point font, as required in U.S.D.C. N.D. Ga. Local Rule 5.1C.

This 6th day of October, 2015.

                                                      **THE KOVAL FIRM, LLC**

                                                      s/Steven H. Koval
                                                      By:  Steven H. Koval
                                                      Georgia Bar No. 428905

3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
shkoval@aol.com                              **ATTORNEY FOR PLAINTIFF**