## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

BIRCH COMMUNICATIONS, INC.

Defendant.

Case No. 1:15-CV-03562-AT

## <u>PRELIMINARY APPROVAL ORDER</u>

WHEREAS, this Action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*;

WHEREAS, Plaintiff has filed an unopposed Motion for Preliminary Approval of a Class Wide Settlement (the "Motion");

WHEREAS, the Motion attaches and incorporates a Settlement Agreement (the "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a class wide basis, against Birch Communications, Inc. ("Birch") (Plaintiff and Birch are collectively referred to as the "Parties") as more fully set forth below; and

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement, and all of the files, records, and proceedings herein, and the

Court determining upon preliminary examination that the Settlement Agreement appears to be fair, reasonable and adequate, and that the proposed plan of notice to the Settlement Class is the best notice practicable under the circumstances and consistent with requirements of due process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this action based upon the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**Certification of Settlement Class**

2.     Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, a "Settlement Class" is preliminarily certified, consisting of the following class:

> All persons or entities within the United States, who, at any time from October 27, 2011 through the date of the Settlement Agreement, received one or more of the Covered Calls.
>
> "Covered Calls" means telemarketing calls made by Meehan Marketing, Proficient Marketing Group or Wellfleet Communications promoting Birch goods or services using an automatic telephone dialing system or a pre-recorded voice (1) to a cellular telephone, or

(2) multiple calls to any individual in a twelve-month period while there number had been registered on the National Do Not Call list for at least 30 days.

3.      All Persons who are members of the Settlement Class who have not submitted a timely request for exclusion are referred to collectively "Settlement Class Members" or individually as a "Settlement Class Member."

4.      For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court further finds, for purposes of settlement only, that: (g) Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (h) the Court is satisfied with Plaintiff's counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by

members of the Settlement Class; (i) it is desirable to concentrate the claims in this forum; and (j) it is unlikely that there will be difficulties encountered in administering this Settlement.

5.     Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff Abante Rooter and Plumbing, Inc. is hereby appointed Class Representative and the following are hereby appointed as Class Counsel:

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Steven H. Koval
THE KOVAL FIRM, LLC
3575 Piedmont Road
Atlanta, GA 30305

**Notice and Administration**

6.     The Court hereby approves of AB Data, Ltd. to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

7.     The Court has carefully considered the Notice Plan set forth in the Settlement Agreement.  The Court finds that the Notice Plan constitutes the best

notice practicable under the circumstances, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

8.     The Court hereby approves the Notice Plan and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement.   The Settlement Administrator shall cause the Notice Plan to be completed on or before thirty (30) days after the entry of the Preliminary Approval Order.   Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

9.     All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**Exclusion and "Opt-Outs"**

10.     Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons

request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

11.     A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and **RECEIVED NO LATER THAN <u>AUGUST 22, 2017</u>**, by the Settlement Administrator at the address specified in the Notice.  In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone numbers.  Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request.  The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

12.     Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Birch or any of the other Released Parties.

13.    All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against Birch or any of the other Released Parties.

14.    The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

**Objections**

15.    Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative must submit to Class Counsel and the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final

Approval Hearing with or without counsel.  Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court.  The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, **ON OR BEFORE <u>AUGUST 22, 2017</u>**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

16.    A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection.  It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing.  No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above.  No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

17.    Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have

waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**Final Approval Hearing**

18.　　The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on **October 13, 2017 at 10:30 am** for the following purposes:

(a)　　to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)　　to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)　　to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)　　to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)　　to consider the application for an compensation award to the Class Representative;

(f)     to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

19.     On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; and (ii) any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses.

20.     The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

21.     For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Completed by:**     __July 10, 2017__ (30 days from Preliminary Approval)

**Objection/Exclusion Deadline:** __August 22, 2017__ (75 days from Preliminary Approval)

**Claim Deadline:**                __August 22, 2017__ (75 days from Preliminary Approval)

**Final Approval Submissions:**       **October 3, 2017** (10 days before Final Hearing)

**Final Approval Hearing:**       **October 13, 2017 at 10:30 am**

22.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

23.    All discovery and other pretrial proceedings in the Action as between the Plaintiff and Birch are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

24.    In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other

action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

25.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED** this 8th day of June, 2017.


**Amy Totenberg**
**United States District Judge**