## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated,

               Plaintiff,

vs.

BIRCH COMMUNICATIONS, INC.,

               Defendant.

Case No. 1:15-CV-03562-AT

## <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

This matter having come before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Abante Rooter and Plumbing, Inc. ("Plaintiff"), individually and on behalf of the class of persons it seeks to represent (the "Settlement Class" defined below), and Birch Communications, Inc. ("Birch") (Plaintiff and Birch are collectively referred to as the "Parties") pursuant to the parties' Class Action Settlement Agreement (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

1.      Unless defined herein, all defined terms in this Final Approval Order and Judgment shall have the respective meanings set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order dated June 8, 2017, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and Birch, and supporting declarations. The Court has also read and considered the written objections filed by Settlement Class Members.   While the Court understands the basis of the objections, the Court finds the settlement, which will result in one of the highest per class member payouts obtained for a settlement under the TCPA in this district, is fair and reasonable under the circumstances. The Court held a hearing on October 13, 2017, at which time the parties and objecting Settlement Class Members were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. No class members appeared at the hearing to voice objections to the proposed settlement. Furthermore, the Court

finds that notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, was effectuated by the Class Administrator on behalf of the Parties on June 14, 2017, and that ninety (90) days has passed without comment or objection from any governmental entity.

5.      Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

6.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following class:

> All persons or entities within the United States, who, at any time from October 27, 2011 through the date of the Settlement Agreement, received one or more of the Covered Calls.
>
> "Covered Calls" means telemarketing calls made by Meehan Marketing, Proficient Marketing Group or Wellfleet Communications promoting Birch goods or services using an automatic telephone dialing system or a pre-recorded voice (1) to a cellular telephone, or (2) multiple calls to any individual in a twelve-month period while the individual's number had been registered on the National Do Not Call list for at least 30 days.

7.     Under Federal Rule of Civil Procedure 23, Abante Rooter and Plumbing, Inc. is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Steven H. Koval
THE KOVAL FIRM, LLC
3575 Piedmont Road
Atlanta, GA 30305

8.     With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient

adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) the Court is satisfied with the Parties' representations that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (i) it is desirable to concentrate the claims in this forum; and (j) it is unlikely that there will be difficulties encountered in administering this Settlement.

9.    The Court has determined that the notice given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

10.    The Court finds that the Class Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement on behalf of the Parties, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.    All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

12.     The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13.     The Court dismisses this action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

14.     On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

15.     The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res*

*judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them.

16. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above.

17. The Court approves payment of attorneys' fees to Class Counsel in the amount of $4,000,000 together with out of pocket attorneys' expenses incurred in prosecuting the action of $62,973.72. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable in light of the

exceptional work of Plaintiffs' counsel.  The Court finds that the contingency fee provided under the settlement falls within the benchmark approved by the Eleventh Circuit for settlements under a common-fund analysis.  *See Camden I Condo. Assoc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991).  The Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

18.     The Court approves the incentive fee payment of $25,000 for Abante Rooter and Plumbing, Inc. and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19.     Neither this Final Approval Order and Judgment nor the Settlement Agreement shall be construed or used as an admission or concession by or against either Birch or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Birch or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the

merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Birch.

20.    The objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

**IT IS SO ORDERED** this 14th day of December, 2017

**Amy Totenberg**
**United States District Judge**