**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of a class of all persons and entities similarly situated,

   Plaintiff

vs.

BIRCH COMMUNICATIONS, INC.

   Defendant.

Case No. 1:15-CV-03562-AT

**CLASS REPRESENTATIVE'S MOTION FOR FINAL DISTRIBUTION OF SETTLEMENT FUND**

Class Representative Abante Rooter and Plumbing, Inc., ("Class Representative" or "Abante") respectfully moves the Court to enter an order approving a final distribution of the Settlement Fund.

As is set forth below, this final distribution is requested because following approval of the Settlement in this action, which called for payment of the $12,000,000 settlement in installments, Defendant Birch Communications, Inc. ("Birch" or "Defendant") was merged into Fusion Connect, Inc. ("Fusion"). Fusion subsequently sought Chapter 11 Bankruptcy protection in the United States

Bankruptcy Southern District of New York, *In re Fusion Connection, Inc. et al.,* Chapter 11, Case No. 19-11811 (SMB) on June 3, 2019. Once Fusion's Bankruptcy Plan was approved, the Class Representative moved this Court for approval of an interim distribution (ECF 97) which the Court approved (ECF 98). As promised in the Class Representative's Motion for Interim Distribution, the Class Representative now returns to this Court for approval of distribution of the funds recovered in connection with the bankruptcy to the Settlement Class.

There is $822,055.08 currently in the Settlement Fund, which includes $130,823.45 from uncashed checks from the previous interim distribution as well as $691,231.63 recovered by the Unsecured Creditors Committee.

## Background and Basis for Motion

On December 14, 2017, this Court granted final approval of the Parties' Class Action Settlement, requiring Birch to fund a $12,000,000 Settlement Fund over a three-year payment schedule. *Final Approval Order* ECF 96 (approving *Class Action Settlement Agreement* ECF 85.1 "Settlement Agreement"). *See Declaration of Edward A. Broderick in Support of Motion for Final Distribution of Settlement Fund* at ¶¶ 3-4, attached as Exhibit 1. ("*Broderick Declaration*"). The Settlement Agreement called for a first distribution when the funding reached $6,000,000 and a second after funding was completed. *Id.¶ 4.* The *Final Approval*

*Order* provided for attorneys' fees to Class Counsel in the amount of $4,000,000 – one-third of the Settlement Fund.  ECF 96 at 7. On October 31, 2018, Birch's payments totaled $6,000,000, and per the Settlement Agreement a distribution was made to: a) Settlement Class Members, b) Abante for half of its incentive award, c) to Class Counsel of the awarded attorneys' fees and expenses, d) to Settlement Administrator for administration expenses. *Id.*

On February 4, 2019 (prior to the bankruptcy clawback period which extended back only to March 5, 2019) Birch made a scheduled payment of $1,000,000 into the Settlement Fund. *Broderick Declaration ¶ 5* and *Declaration of Eric Nordskog in Support of Motion for Final Distribution of Settlement Fund ¶ 4. ("Nordskog Declaration")*, attached as Exhibit 2. Subsequently, on June 3, 2019 Fusion Connection, Inc. filed for bankruptcy protection. *Broderick Declaration ¶ 5*

On receiving the Notice of Bankruptcy, Class Counsel retained Denver G. Edwards, Esq. of Pierce Bainbridge Beck Price & Hecht LLP as bankruptcy counsel in the Southern District of New York to represent Abante and the Settlement Class. *Id. ¶ 6.* Class Counsel, together with bankruptcy counsel, attended the meeting to select the members of the Unsecured Creditors Committee in the Southern District of New York on June 19, 2019. *Id. ¶ 7.*  Class Counsel, representing Abante, along with three other major creditors of Fusion and its

related entities, applied for and was appointed to the Unsecured Creditors Committee. *Id.* Immediately following the selection meeting, the Unsecured Creditors Committee spent the day interviewing five law firms to select counsel, as well as investment firms to represent the Unsecured Creditors Committee in the bankruptcy. *Id.* ¶ 8. The Unsecured Creditors Committee retained Cooley LLP as counsel and AlixPartners, LLP as Financial Advisor to the Unsecured Creditors Committee. *Id.*

Class Counsel, along with bankruptcy counsel, have attended regular Unsecured Creditor Committee calls and meetings. *Id.* ¶ 9. Class Counsel, through bankruptcy counsel, filed a class action proof of claim. *Id.* The Unsecured Creditors Committee engaged in negotiations with the bankrupt debtor as well as the Secured Creditors Committee regarding litigation budgeting to pursue claim in the bankruptcy as well as the division of returns from that litigation. *Id.*

Once Fusion's Plan of Bankruptcy was approved, rather than delay payment to Settlement Class Members, on April 14, 2021 the Class Representative moved the Court for an order allowing an interim distribution of the Settlement Fund (ECF 97), which the Court allowed. (ECF 98).

The Settlement Administrator made the interim distribution as ordered, making the following payments: a) the second half of the Class Representative's

Incentive Award, b) one third of the installment payment of $1,000,000 as attorneys' fees and the second half of Class Counsel's previously approved expenses, b) $36,662.50 in bankruptcy fees incurred by Class Counsel with Pierce Bainbridge Beck Price & Hecht LLP, c) settlement administration expenses of $50,000 to AB Data, and d) payments of the balance to Settlement Class Members, of which 25,703 checks were cashed. *Nordskog Declaration* ¶ 6. Due to uncashed checks, $130,823.45 remained in the Settlement Fund. *Id.*

Since the interim distribution, the Unsecured Creditors' Committee has secured a total of $691,231.63 towards the claim of the Class Representative, the final installment was received by the Settlement Administrator on March 24, 2026. *Nordskog Declaration* ¶ 7.  Counsel for the Unsecured Creditors Committee has advised that this is the final payment resulting from Bankruptcy-related litigation. *Broderick Declaration* ¶ 11.

With recovery now complete, the Class Representative seeks Court approval to make a final distribution to Settlement Class Members that have previously cashed their checks. The Settlement Administrator attests that there is $822,055.08 currently in the Settlement Fund and that, as with the interim distribution, administrative costs to complete the distribution will be $50,000. *Nordskog Declaration* ¶ 9.

5

As set forth in the Court's Order of Final Approval ECF 96, Class Counsel's Attorney's fees were set at one third of the Settlement Fund. Accordingly, attorney's fees from the final distribution will be $230,410.54, which is one third of the newly recovered $691,231.63 received from the Unsecured Creditors Committee.

Finally, to completely resolve the administration of this Settlement, the Class Representative respectfully requests that the Court designate The National Consumer Law Center ("NCLC") as the cy pres recipient of any funds that cannot be economically distributed to Settlement Class Members as a result of uncashed checks. In the Settlement Agreement, the Parties agreed to propose NCLC as the cy pres designee. ECF 85-1,¶ 2.4(c). NCLC is a national organization and thus is a geographically appropriate cy pres recipient for a national class settlement. NCLC engages in advocacy relating to combating telemarketing and has been approved as a cy pres recipient in numerous TCPA settlements.[1] *Broderick Declaration* ¶ 12.

---

[1] *See, e.g.*, *Lee v. Glob. Tel\*Link Corp.*, 2018 U.S. Dist. LEXIS 163410, at \*25 (C.D. Cal. Sept. 24, 2018) ("The National Consumer Law Center advocates against automated calls and will further the goals of the absent class members."); *Estakhrian v. Obenstine*, No. CV 11-3480 FMO (CWx), 2016 U.S. Dist. LEXIS 147105, at \*22-23 (C.D. Cal. Oct. 24, 2016) (collecting cases approving NCLC as a cy pres recipient); *Miller v. Ghirardelli Chocolate Co.*, No. 12-cv-04936-LB, 2015 U.S. Dist. LEXIS 20725, at \*25 (N.D. Cal. Feb. 20, 2015); *Custom LED, LLC v. eBay, Inc*, 2014 U.S. Dist. LEXIS 87180, 2014 WL 2916871, \*10 (N.D. Cal. June 24, 2014).

Class Counsel believes that this motion can be resolved without a hearing, but respectfully requests that if a hearing is set that it take place via Zoom to save the Settlement Class the expense of travel costs from Boston to Atlanta.

## Conclusion

For the reasons stated above and in the accompanying declarations, the Class Representative respectfully requests that its Motion for Interim Distribution of Settlement Fund be granted.

A Proposed Order is attached as Exhibit 3.

Respectfully submitted for Class Representative,

Abante Rooter and Plumbing, Inc.

Dated: March 27, 2026

By:  /s/ *Edward A. Broderick*
Edward A. Broderick
Email: ted@broderick-law.com
BRODERICK LAW, P.C.
10 Hillside Avenue
Winchester, MA 01890
Telephone: (617) 738-7080

Steven H. Koval
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA 30305
Telephone: (404) 513-6651
Steve@KovalFirm.com

Matthew P. McCue
Email: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P.
MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415

## CERTIFICATE OF RULE 7.1 COMPLIANCE

I hereby certify that on March 27, 2026, pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

*/s/ Edward A. Broderick*
Edward A. Broderick

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

*/s/ Edward A. Broderick*
Edward A. Broderick

8